UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:18-CV-61576

JAMELLAH ABRAHAM,

    Plaintiff,

v.

DIVERSIFIED CONSULTANTS, INC.,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**INJUNCTIVE RELIEF SOUGHT**

Plaintiff JAMELLAH ABRAHAM ("Plaintiff"), by and through undersigned counsel, seeks redress for the illegal practices of Defendant DIVERSIFIED CONSULTANTS, INC. ("Defendant"). As set forth in more detail below, Defendant violated 15 U.S.C § 1692 *et seq.*, the Fair Debt Collection Practices Act (the "FDCPA"), and Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act (the "FCCPA") while attempting to collect a consumer debt from Plaintiff.

**DEMAND FOR JURY TRIAL**

1.    Plaintiff is entitled to, and hereby respectfully demands, a trial by jury on all alleged counts and any issues so triable. *See* Sibley v. Fulton DeKalb Collection Service, 677 F.2d 830 (11th Cir.1982) (wherein the Eleventh Circuit held that, "a plaintiff, upon timely demand, is entitled to a trial by jury in a claim for damages under the FDCPA.").

**JURISDICTION AND VENUE**

2.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C § 1331, and 28 U.S.C § 1337.

3. Supplemental jurisdiction exists for the FCCPA claims under to 28 U.S.C. § 1367.

4. Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

## PARTIES

5. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

6. Defendant is a Florida corporation, with its principal place of business located in Jacksonville, Florida.

7. Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

8. At all times material, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

## FACTUAL ALLEGATIONS

9. The debt at issue is a financial obligation Plaintiff incurred primarily for personal, family, or household purposes.

10. In particular, the debt at issue (the "Consumer Debt") represents an allegedly outstanding amount Plaintiff owes the creditor, Comcast (the "Creditor"), for the Creditor's provision of telecommunication services to Plaintiff.

11. The Consumer Debt is a "debt" governed by the FDCPA and FCCPA. *See* 15 U.S.C §1692a(5); Fla. Stat. §559.55(6).

12. Plaintiff is a "consumer" within the meaning of the FDCPA. *See* 15 U.S.C §1692a(3).

13. Defendant is a "debt collector" as defined by the FDCPA and FCCPA. *See* 15 U.S.C §1692a(6); Fla. Stat. §559.55(7).

14. On a date better known by Defendant, Defendant began attempting collect the Consumer Debt from Plaintiff.

15. On or about December 03, 2017, Plaintiff completed a credit application at Holman Automotive Group ("HAG"), an automotive dealership, to determine the interest rate of a loan, as Plaintiff sought a loan to facilitate her (Plaintiff's) purchase of a personal vehicle from HAG. By and through said credit application, HAG inquired into Plaintiff's personal credit and/or Plaintiff's credit worthiness and, thereafter, advised that, due to Plaintiff's "good credit," Plaintiff qualified for the *lowest* interest rate available.

16. On December 7, 2017, by and through HAG, Plaintiff custom-ordered a new vehicle for approximately $52,000.00 (inclusive of *all taxes and fees*).

17. On or about January 16, 2018, Defendant mailed a collection letter to Plaintiff in an attempt to collect the Consumer Debt. A copy of such letter (the "Collection Letter") is attached hereto as Exhibit "A."

18. On January 30, 2018, Plaintiff called Defendant at the number listed inside the Collection Letter and informed Defendant that she (Plaintiff) disputed the Consumer Debt.

19. On or about March 13, 2018, Defendant reported the Consumer Debt as being unpaid, in collections, and/or an otherwise valid debt to, *inter* alia, TransUnion and Experian, consumer credit reporting agencies.

20. Plaintiff's personal credit, credit-score, and/or credit worthiness, as reflected by Plaintiff's credit report, was negatively impacted, severely, by Defendant reporting the Consumer Debt to TransUnion and Experian as being unpaid, in collections, and/or a valid debt

21. On or about March 20, 2018, HAG received Plaintiff's custom-ordered vehicle and notified Plaintiff of the same.

22. On or about March 22, 2018, HAG requested a copy of Plaintiff's credit report from TransUnion and/or Experian. HAG requested such report(s) to determine, *inter alia*, the interest rate which Plaintiff qualified for, as Plaintiff had sought a personal loan to facilitate the purchase of a vehicle. Upon receiving Plaintiff's credit report from TransUnion and/or Experian, HAG advised Plaintiff that her (Plaintiff's) credit score had severely dropped since HAG's previous inquiry, and as a result thereof, Plaintiff did not qualify for the lowest interest rate available. The then-lowest interest rate available was 1.9% annually. Due to the severe drop in Plaintiff's credit score caused by Defendant reporting the Consumer Debt to, *inter alia*, TransUnion and Experian on March 13, 2018, the lowest interest rate Plaintiff was able qualify was 2.9% annually if Plaintiff agreed to make a $13,000.00 down-payment.

23. On March 22, 2018, after being informed by HAG that Plaintiff's credit score had severely dropped, Plaintiff obtained a copy of her (Plaintiff's) full credit report from TransUnion and Experian and first learned that Defendant reported the Consumer Debt to, *inter alai*, TransUnion and Experian as being unpaid and/or in collections.

24. On March 22, 2018, after learning that Defendant reported the Consumer Debt to TransUnion and Experian on March 13, 2018, Plaintiff contacted TransUnion and Experian and disputed the negative notation reported by Defendant on March 13, 2018. In particular, Plaintiff informed TransUnion and Experian that Defendant had erroneously reported the Consumer Debt as being unpaid and/or in collections on March 13, 2018, as Plaintiff had notified Defendant on January 30, 2018, that the Consumer Debt was in dispute.

25. On March 22 and 23, 2018, after learning that the lowest interest rate Plaintiff was able to obtain through HAG was 2.9% annually, of which was due to negative notation reported by Defendant on March 13, 2018, Plaintiff sought to secure a loan from an alternative financial institution to facilitate the purchase the vehicle she custom-ordered. Plaintiff, however, was unable to secure a loan at a lower interest rate than that which Plaintiff obtained through HAG (i.e., 2.9% annually, with a down-payment of $13,000.00). Thus, Plaintiff agreed to the financing terms obtained through HAG, whereby Plaintiff agreed to make a down-payment of $13,000 and to finance the remaining balance of her vehicle purchase through BMW Financial Services NA, LLC over 60 months (5-years) at 2.9% annual interest.

26. On April 18, 2018, TransUnion and Experian completed their investigation into the claims made by Plaintiff on March 22, 2018, regarding the negative notation reported by Defendant on March 13, 2018, and that TransUnion and Experian had updated Plaintiff's credit report to correctly reflect that the Consumer Debt was *disputed*.

27. On April 18, 2018, upon Plaintiff's credit report being updated by TransUnion and Experian to correctly reflect that the Consumer Debt was *disputed*, Plaintiff's credit score **increased by approximately 70 points**.

## VIOLATION OF THE FDCPA AND FCCPA

28. "To state a claim for violation of the FDCPA and FCCPA, Plaintiff must set forth sufficient factual allegations to raise plausible inferences that: (1) Defendant is a debt collector; (2) Plaintiff was 'the object of collection activity arising from consumer debt;' and (3) Defendant engaged in an act or omission prohibited by the FDCPA or FCCPA." Garrison v. Caliber Home Loans, Inc., 2017 WL 89001, at *4 (M.D. Fla. Jan. 10, 2017); Pescatrice v. Orovitz, P.A., 539 F.Supp.2d 1375, 1378 (S.D.Fla.2008).

29. With respect to the third prong, the "least sophisticated consumer" standard dictates a debt collector's communication, or other conduct, violates the FDCPA or FCCPA. *See* Crawford v. LVNV Funding, LLC, 758 F.3d 1254, 1258 (11th Cir. 2014) (reiterating that the "least sophisticated consumer" standard governs "whether a debt collector's conduct is deceptive, misleading, unconscionable, or unfair under the statute." (internal quotations omitted)); LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1200 (11th Cir. 2010) (holding that the "least-sophisticated consumer" standard applies to evaluate claims under both § 1692e and § 1692f); Leonard v. Zwicker & Associates, P.C., 2017 WL 4979160, at *2 (11th Cir. Nov. 1, 2017) (applying the "least sophisticated consumer" standard to claims under § 1692g); *see also* Michael v. HOVG, LLC, 2017 WL 129111, at *5 (S.D. Fla. Jan. 10, 2017) (applying the least sophisticated consumer standard to determine whether a debt collector violated the FCCPA); Green v. Douglas, Knight & Assocs. (In re Cheaves), 439 B.R. 220 (Bankr. M.D. Fla. 2010 (same); Bank v. Schmidt, 124 So. 3d 1039 (Fla. Dist. Ct. App. 2013) (affirming class certification which applied the least sophisticated consumer standard to determine whether the FCCPA had been violated). Thus, in the context of the FDCPA and FCCPA, "[t]he inquiry is not whether the particular plaintiff-consumer was deceived or misled; instead, the question is whether the least sophisticated consumer would have been deceived by the debt collector's conduct." Crawford, 758 F.3d 1254 at 1259 (citation and internal quotations omitted).

### COUNT II.
### VIOLATION OF 15 U.S.C. § 1692e, e(2)(A), e(8), e(10), & § 1692f

30. Plaintiff incorporates by reference paragraphs 9-29 of this Complaint as though fully stated herein.

31. "[T]he broad prohibitions of § 1692e apply to a debt collector's false, deceptive, or misleading *representation or means* used *in connection with the collection of any debt* [and] [t]he

broad prohibitions of § 1692f apply to a debt collector's use of unfair or unconscionable *means to collect or attempt to collect any debt.*" 15 U.S.C. § 1692f. Crawford v. LVNV Funding, LLC, 758 F.3d 1254, 1261 (11th Cir. 2014) (emphasis original). *Moreover,* "[t]he use of 'or' in § 1692e means that, to violate the FDCPA, a representation by a 'debt collector' must merely be false, or deceptive, or misleading. A false representation in connection with the collection of a debt is sufficient to violate the FDCPA facially, even where no misleading or deception is claimed." Bourff v. Rubin Lublin, L.L.C., 674 F.3d 1238 (11th Cir. 2012).

32. The sixteen subsections of §1692e set forth a non-exhaustive list of prohibited practices, of which include, but are not limited to: "*[t]he false representation of the character, amount, or legal status of any debt*," 15 U.S.C. § 1692e(2)(A) (emphasis added), "**[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer**," 15 U.S.C. § 1692e(10) (emphasis added), and, most critically*,* "**[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed**," 15 U.S.C. § 1692e(8) (emphasis added).

33. Here, as stated above, Plaintiff contacted Defendant within thirty (30) days of receiving the Collection Letter, notified it (Defendant) that Plaintiff disputed the validity the Consumer Debt, and, as guaranteed by § 1692g(a)(3) of the FDCPA, prohibited Defendant from assuming the validity of the Consumer Debt and, *inter alia*, branded the debt as one which Defendant was obligated to report and/or lable as "disputed." Id. Yet, in the face of prohibition and contrary obligation(s), Defendant unlawfully reported the Consumer Debt as being unpaid and/or in collections to, *inter* alia, TransUnion and Experian, consumer credit reporting agencies.

34. As such, in reporting the Consumer Debt to national collection bureaus, Defendant violated § 1692e(8) of the FDCPA by failing report and/or communicate that Consumer Debt was disputed and/or in dispute. Further, Defendant violated § 1692e of the FDCPA, § 1692e(2)(A), and § 1692e(10) of the FDCPA by reporting false information to consumer credit reporting agencies regarding the status of the Consumer Debt and/or misrepresenting the validity of the Consumer Debt. Lastly, Defendant violated § 1692f of the FDCPA, as it was unfair and/or unconscionable for Defendant to inaccurately and/or misleadingly report the Consumer Debt to, *inter alia*, TransUnion and Experian, after having been informed by Plaintiff that she (Plaintiff) disputed the validity of the Consumer Debt.

## *COUNT II.*
## **VIOLATION OF FLA. STAT. § 559.72(5) & (6)**

35. Plaintiff incorporates by reference paragraphs 9-29 of this Complaint as though fully stated herein.

36. Section 559.72, Fla. Stat., of the FCCPA contains nineteen subsections and otherwise codifies an extensive list of acts and/or omissions that the FDCPA does not explicitly prohibit. Accordingly, in collecting consumer debts, pursuant to the FCCPA no person shall:

> (5) Disclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.
>
> (6) Disclose information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact….

Fla. Stat. § 559.72.

37. As set forth in more detail above, Plaintiff disputed the validity of the Consumer Debt with Defendant and, thereafter, Defendant reported the Consumer Debt to various consumer

credit reporting agencies as a valid debt for which Plaintiff was responsible and otherwise defaulted. As such, Defendant violated § 559.72(5) and (6) of the FCCPA by reporting the Consumer Debt and/or disclosing the existence of the Consumer Debt to, *inter alia*, TransUnion and Experian, as a debt owed by Plaintiff that was unpaid, undisputed, and/or otherwise validly in collections, despite knowing Plaintiff had properly disputed the validity thereof with Defendant.

*COUNT III.*
**VIOLATION OF FLA. STAT. § 559.72(9)**

38. Plaintiff incorporates by reference paragraphs 9-29 of this Complaint as though fully stated herein.

39. Pursuant to § 559.72(9) of the FCCPA, in collecting consumer debts, no person shall: "*[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.*" Fla Stat. § 559.72(9) (emphasis added).

40. Here, Defendant asserted the existence of a legal right, *to wit*, that the Consumer Debt was in collections, undisputed, and otherwise a valid debt, despite knowing that it (Defendant) did not have the right to make such assertions and/or report such false representations regarding the Consumer Debt because Plaintiff had disputed the debt in accordance with § 1692g(a)(3). *See* Martin v. Butler & Hosch, P.A., 2014 WL 3593622, at *4 (M.D. Fla. July 18, 2014) (finding that misrepresenting a consumer's rights under 15 U.S.C. § 1692g can constitute the assertion of a non-existent legal right in violation of Fla. Stat. § 559.72(9)); Narvaez v. Specialized Loan Servicing, LLC, 2015 WL 1810734, at *4 (M.D. Fla. Apr. 20, 2015).

41. As such, Defendant violated Fla. Stat. § 559.72(9) by presuming the validity of the Consumer Debt and reporting it (the Consumer Debt) as being in collections, without otherwise indicating that the Consumer Debt was in dispute, after Plaintiff had notified Defendant within 30-

days of receiving the Collection Letter that she disputed the validity of the debt in accordance with § 1692g(a)(3) of the FDCPA.

## ACTUAL DAMAGES

42. As a result of Defendant's aforementioned FDCPA and/or FCCPA violations, Plaintiff has suffered actual damages, including, *but not limited to*, loss of income, loss personal credibility, and loss of financial credibility, whereby Plaintiff is entitled to relief for such, in addition to statutory damages, attorney's fee and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a) Statutory damages and actual damages, as provided under 15 U.S.C. §1692k, for the FDCPA violations committed by Defendant;

(b) Statutory damages and actual damages, as provided under Fla. Stat. §559.77(2), for the FCCPA violations committed by Defendant;

(c) An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA;

(d) Costs and reasonable attorney's fees as provided by both 15 U.S.C. §1692k and Fla. Stat. §559.77(2); and

(e) Any other relief that this Court deems appropriate and just under the circumstances.

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

DATED: July 10, 2018

                                            Respectfully Submitted,

                                            /s/ Thomas J. Patti
                                          **THOMAS J. PATTI, ESQ.**
                                          Florida Bar No.: 118377
                                          E-mail:   tpatti@thomasjohnlaw.com
                                          Thomas-John Law, P.A.
                                          1451 W. Cypress Creek Road, Suite 300
                                          Fort Lauderdale, Florida 33309
                                          Phone:     954-543-1325
                                          Fax:         954-507-9975

                                          *COUNSEL FOR PLAINTIFF*